PER CURIAM.
This is a petition for habeas corpus following a judgment of guilt for first-degree murder and sentence of death. We have jurisdiction under article V, sections 3(b)(1) and (9) of the Florida Constitution.
Mitchell argues that appellate counsel was ineffective for failing to argue that the trial judge erred by not permitting defense counsel to inquire into the nature of the prior convictions of a State witness. The witness admitted that she had been convicted of two crimes. The court sustained objection to the question, “What have you been convicted of?” This ruling was proper and fully consistent with the law. Jackson v. State, 498 So.2d 906 (Fla.1986). Hence, counsel could not have been ineffective for failing to argue this point.
The balance of Mitchell's petition relates to the penalty phase of the trial which *943 resulted in his sentence of death. Because we have affirmed the trial court’s order vacating Mitchell’s death sentence and ordering a new sentencing hearing, it is now unnecessary for us to address these arguments. Mitchell v. State, 595 So.2d 938 (Fla.1992).
The petition for habeas corpus is denied.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.